(Hamilton County Court of Common Pleas.)

·COTTAGE LOAN & BUILDING ASSOCIATION v. BACON et al.—SAME v. McFARLAND et al.

*Tax Titles—Proof required of the owner of a tax certificate.*—In the trial of the validity of a tax title, or the right to collect the statutory penalties in favor of the tax certificate owner, the burden of proof is on such owner to show that the land of the tax debtor was listed, advertised and sold as directed by statute; but by reason of the statutory language in that regard, a contrary rule of proof prevails as to the title of the owner by forfeited tax sale.

(Decided June, 1894.)

BUCHWALTER, J.

The issue herein determined arises on distribution of the proceeds of the sale of real estate.

Drake, the purchaser at a delinquent tax sale, presents his certificate, together with proof of payment of taxes since accrued, and asks that the amount of taxes, penalties, etc., paid by him as per his certificate, the taxes since paid by him to the county treasurer, with six per cent. interest, ·and 25 per cent. additional penalty, be ordered distributed to him. No other proof is offered, and all parties agree to rest on this proof. The ·controversy is as to the 25 per cent. penalty, which is settled in determining whether such certificate is prima facie ·proof of the validity of such tax claim; that the tax debtor's property was listed, delinquent, advertised and sold as directed by the statute.

There is no statutory provision specifically making the certificate such prima facie evidence.

Section 2877 provides that "the deed so made by the auditor    *    *    * shall be received in all courts as prima facie evidence of a good and valid title in such grantee, his heirs and assigns."    *    *    *    But it must first be proven that such "deed was so made," viz., according to the preceding statutory provisions, leading up to the sale of the delinquent property; then it becomes prima facie proof. See Jones v. Devore, 8 Ohio St. 430, following Lessee of Carlisle v. Longworth, 5 Ohio, 369.

It is to be observed that section 2908 providing for forfeiture tax sales and the effect of the deed by the auditor therein, is enacted in this language: "Which deed shall be prima facie evidence of title in the purchaser, his heirs or assigns."

And it has been held that, by reason of this statutory language, no preliminary proof is necessary to make such purchaser's deed at forfeited sale prima facie evidence of title according to its recitals. Turney v. Yeoman, 14 Ohio, 207; Stanbery v. Sillon, 13 Ohio St. 571; Woodward v. Sloan, 27 Ohio St. 592.

There being no such statutory provision making such certificate at delinquent tax sale prima facie proof of its validity, and the purchaser being vested only with such equities and rights as the state had to convey or certify to him, it therefore follows that the proof must show that all the statutory requirements to authorize a valid sale have been complied with by the respective officials. The burden of proof is on such tax purchaser; and having offered no such proof, his status is that of the holder of an invalid certificate, and he is entitled, under section 2880 Rev. Stat., only to the money paid by him, with 6 per cent. interest thereon.

Oliver Jones, for plaintiff.

S. Woodward, contra.